**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**KAY EVANS,**

    **Plaintiff,**

v.                                                 **Case No: 5:15-cv-19-Oc-39PRL**

**CITY OF BUSHNELL, FLORIDA,**
**VINCE RUANO, JOYCE WELLS and**
**DONALD KNEE**

    **Defendants.**

## ORDER

On October 20, 2015, Defendants' motion to dismiss the Plaintiff's amended complaint was referred to me. (Doc. 39). The next week Plaintiff filed an unopposed motion to file a second amended complaint, which was also referred to me. (Doc. 40). According to the Court's Case Management and Scheduling Order, amendments to pleadings were due on July 31, 2015.[1] (Doc. 37).

Where, as here, the requested amendment occurs after the deadline has expired, the party requesting the amendment must first make a showing of good cause pursuant to Fed. R. Civ. P. 16(b), before the Court will consider whether the amendment is proper under Fed. R. Civ. P. 15(a).

---

[1] Plaintiff filed her original complaint on January 12, 2015. (Doc. 1). After Plaintiff amended her complaint (Doc. 4), the Defendants filed a joint motion to dismiss the amended complaint (Doc. 13). In Plaintiff's response to the motion to dismiss, she requested that, in the alternative to granting Defendants' motion, she be granted leave to further amend her complaint. (Doc. 22). The Court then denied without prejudice her request for leave to amend. (Doc. 38). In that order, the Court noted that Plaintiff could file an appropriate motion to amend and that the motion would have to meet all the applicable rules. Plaintiff represents that none of the Defendants opposes the instant motion to amend. Also, Plaintiff has attached the proposed second amended complaint to her motion.

*Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). To establish good cause, the moving party must demonstrate diligence. *Id*. at 1418. Here, the Plaintiff has shown the requisite good cause as she filed her response to the motion to dismiss on April 14, 2015, which the Court construed in part as a motion to amend, within the case management deadline of July 31, 2015 for amended pleadings. (*See* Doc. 37).

The amendment is also proper under Rule 15(a). Under Rule 15(a), "leave shall be freely given when justice so requires." In making the determination, "a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." *Local 472 of United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting v. Ga. Power Co*., 684 F.2d 721, 724 (11th Cir. 1982). Here, according to Plaintiff, the Defendants do not oppose this extension.

Upon due consideration, Plaintiff's motion is GRANTED. <u>Plaintiff shall</u> have until on or before **November 10, 2015** to file, as a second amended complaint, the proposed amendment that is attached to her motion. Defendants shall file their responses to Plaintiff's second amended complaint on or before thirty days after she files. Defendants' motion to dismiss (Doc. 13) is thus DENIED AS MOOT.

**DONE** and **ORDERED** in Ocala, Florida on November 3, 2015.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties